# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE,<br><br>           Plaintiff,<br><br>   v.<br><br>SCHWARZENEGGER, et. al,<br><br>           Defendants.<br>_____ / | CASE NO. 1:08-cv-01219-LJO-DLB PC<br><br>ORDER ALLOWING PLAINTIFF TO USE FICTITIOUS NAME IN CAPTION<br><br>(Doc. 24) |

      Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 6, 2009, Plaintiff filed a motion to change the caption of the case. (Doc. 24.) The Court treats this as a motion to proceed using a fictitious name. Defendants did not file a response to this motion.

      Rule 10(a) of the Federal Rules of Civil Procedure provides: "The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." The Federal Rules of Civil Procedure thus encourage openness of judicial proceedings. "[U]se of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command that the title of every complaint include names of all the parties." Doe v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations and quotations omitted). In the Ninth Circuit, the use of pseudonyms by parties is for the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment. Id. at

1

1067-68 (internal quotations and citation omitted). District courts should determine the need for anonymity based on several factors: 1) severity of threatened harm; 2) reasonableness of the anonymous party's fears; and 3) the anonymous party's vulnerability to such retaliation. Id. at 1068 (internal citation omitted). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." Id. "Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." Id. The public has a right to know who is using its courts. United States v. Stoterau, 524 F.3d 988, 1013 (9th Cir. 2008).

Upon consideration of the motion and the declaration in support thereof, the Court finds that Plaintiff has shown good cause to proceed with a fictitious name. Because Plaintiff's requested fictitious name would cause confusion, the Court will assign the fictitious name of J. Doe for Plaintiff.

IT IS HEREBY ORDERED that:

1. Plaintiff may proceed using the fictitious name J. Doe;
2. The motion filed by Plaintiff on January 6, 2009, will be sealed;
3. The Clerk's Office shall change the docket to reflect the Court's order; and
4. Defendants shall use J. Doe when identifying Plaintiff in all further filings with the Court.

IT IS SO ORDERED.

Dated: **March 18, 2009**   /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE