IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE,<br><br>    Plaintiff,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et. al.,<br><br>    Defendants.<br>_____/ | CASE NO. CV F 08-1219 LJO DLB PC<br><br>**RECONSIDERATION ORDER**<br>(Doc. 29.) |

## **INTRODUCTION**

In this inmate civil rights action, pro se plaintiff J. Doe ("plaintiff") belatedly seeks what this Court construes as reconsideration of the magistrate judge's order to screen plaintiff's amended complaint. For the reasons discussed below, this Court DENIES plaintiff reconsideration and other purported requested relief.[1]

## **BACKGROUND**

United States Magistrate Dennis Beck issued his March 23, 2009 screening order ("March 23 order") to address plaintiffs' claims against numerous defendants. On April 16, 2009, plaintiff filed 226 pages which this Court construes as a motion to reconsider the March 23 order.

---

[1] This Court's Local Rule 72-303 addresses reconsideration of magistrate judge rulings, and its subsection (e) provides that Local Rule 78-230's notice and briefing schedules have "no application to requests for reconsideration." Subsection (e) further provides: "No oral argument shall be allowed in the usual civil action."

# DISCUSSION

## Untimely Reconsideration Attempt

This Court's Local Rule 72-303(b) addresses timing to seek reconsideration:

> Rulings by Magistrate Judges shall be final if no reconsideration thereof is sought from the Court within ten (10) court days calculated from the date of service of the ruling on the parties . . ."

The March 23 order was served on plaintiff on March 23, 2009. Plaintiff delayed to file his reconsideration papers until April 16, 2009, after the 10-day limit and beyond a grace period for prison mail. As such, his reconsideration request is time barred. Nonetheless, this Court will turn to the merits of reconsideration of the March 23 order.

## Merits

Motions to reconsider are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). This Court's Local Rule 78-230(k) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)). "Under this standard of review, a magistrate's order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. 2002). "The reviewing court may not simply substitute its judgment for that of the

deciding court." *Grimes*, 951 F.2d at 241. A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

Plaintiff's reconsideration papers are largely incoherent gibberish. "[T]o give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with slubby mass of words rather than a true brief." *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997). Plaintiff points to nothing to demonstrate that the March 23 order is clearly erroneous or contrary to law. This Court is not in position to overturn th March 23 order.

**CONCLUSION AND ORDER**

For the reasons discussed above, plaintiff fails to substantiate the burden for reconsideration of the March 23 order, and this Court DENIES plaintiff's belated request for reconsideration. This Court ORDERS plaintiff, no later than September 7, 2009, to file an amended complaint. The amended complaint must be complete in itself. This Court's Local Rule 15-220 requires an amended complaint to be complete without reference to any prior pleading. This Court will strike piecemeal filings. As a general rule, an amended complaint supersedes prior complaints. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). After the filing of an amended complaint, the prior pleadings serve no further function. Thus, in an amended complaint, each claim and involvement of each defendant must be sufficiently alleged.

IT IS SO ORDERED.

**Dated:   July 27, 2009**                         **/s/ Lawrence J. O'Neill**
                                                                 UNITED STATES DISTRICT JUDGE