IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>J. YATES, et. al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. CV F 08-1219 LJO DLB PC<br><br>**RECONSIDERATION ORDER**<br>(Doc. 42.) |

## **INTRODUCTION**

In this inmate civil rights action, pro se plaintiff J. Doe ("plaintiff") belatedly seeks reconsideration of the magistrate judge's order striking plaintiff's exhibits and evidence. For the reasons discussed below, this Court DENIES plaintiff reconsideration.

## **BACKGROUND**

United States Magistrate Dennis Beck issued his August 4, 2009 order ("August 4 order") to address plaintiffs' various submissions. On October 1, 2009, plaintiff filed 39 pages as a motion to reconsider the August 4 order.

## **DISCUSSION**

### **Untimely Reconsideration Attempt**

This Court's Local Rule 72-303(b) addresses timing to seek reconsideration:

> Rulings by Magistrate Judges shall be final if no reconsideration thereof is sought from the Court within ten (10) court days calculated from the date of service of the ruling on the parties . . ."

1

1  The August 4 order was served on plaintiff on August 4, 2009. Plaintiff delayed to file the reconsideration papers until October 1, 2009, after the 10-day limit and beyond a grace period for prison mail. As such, the reconsideration request is time barred. Nonetheless, this Court will turn to the merits of reconsideration of the August 4 order.

## **Merits**

Motions to reconsider are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). This Court's Local Rule 78-230(k) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)). "Under this standard of review, a magistrate's order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. 2002). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241. A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

Plaintiff points to nothing to demonstrate that the August 4 order is clearly erroneous or contrary

1  to law.  This Court is not in a position to overturn the August 4 order.

2  **CONCLUSION AND ORDER**

3  For the reasons discussed above, plaintiff fails to substantiate the burden for reconsideration of

4  the August 4 order, and this Court DENIES plaintiff's belated request for reconsideration.

5  IT IS SO ORDERED.

6  **Dated:   November 5, 2009**                    /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE