# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>J. YATES, et al.,<br><br>        Defendants. | CASE NO. 1:08-cv-01219-LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF BE DENIED WITHOUT PREJUDICE<br><br>(Doc. 31) |

Plaintiff J. Doe is a state prisoner proceeding pro se in this civil rights action. On October 15, 2009, Plaintiff filed her[1] second amended complaint, which the Court screened recently.

On June 23, 2009, Plaintiff filed a request that the Court accept the attached letter as admissible evidence. (Doc. 31.) Plaintiff also requests transfer to California Medical Facility ("CMF") in order to be protected from attacks by inmates and staff, and requests that defendant Yates put Plaintiff on single cell status at Pleasant Valley State Prison ("PVSP") pending this transfer. On October 1, 2009, Plaintiff filed notice of change of address to California State Prison, Lancaster. (Doc. 44.)

**I.  Request for Admission of Evidence**

Plaintiff request that the Court accept the attached letter as admissible evidence is denied.

---

[1] Plaintiff is a male to female preoperative transgendered individual and refers to herself with feminine pronouns. The Court shall do so as well.

1

Evidence may not be file with the Court until the course of litigation brings the evidence into question. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit her evidence. Plaintiff is warned to refrain from such filings until then as it unnecessarily confuses the court record.

This action is still at the pleading stage. While Plaintiff may incorporate exhibits by reference into her amended complaint, Plaintiff is not permitted to continually supplement her amended complaint with additional exhibits/evidence. See Local Rule 15-220.

## II.   Injunctive Relief

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008) (citations omitted).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

Because Plaintiff is now incarcerated at California State Prison, Lancaster, Plaintiff is no longer facing the same conditions of confinement issues that she complains of in the June 23, 2009 motion. Plaintiff's request for injunctive relief should therefore be denied as moot.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's request for injunctive relief be DENIED as moot.

These Findings and Recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 9, 2009**                    **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE