# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE, | CASE NO. 1:08-cv-01219-LJO-DLB (PC) |
| Plaintiff, | ORDER REGARDING FICTITIOUS NAME IN CAPTION |
| v. | (Doc. 40) |
| SCHWARZENEGGER, et. al, | PLAINTIFF'S RESPONSE DUE WITHIN **TWENTY (20) DAYS** |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 6, 2009, Plaintiff filed a motion to change the caption of the case. (Doc. 24.) The Court treated this as a motion to proceed using a fictitious name and granted Plaintiff's request on March 23, 2009. (Doc. 25.) Plaintiff's request was granted for several reasons, namely the sensitive nature of Plaintiff's claims and Plaintiff's proximity to the defendants, most of whom were or are currently employed at Pleasant Valley State Prison.

Since the caption was change to permit Plaintiff to proceed with a fictitious name, there have been several difficulties regarding mailing of court documents to Plaintiff. Several documents were returned due to the prisoner name and CDC number not matching. The Clerk of the Court has had to use Plaintiff's actual name on the envelope in order for the mail to arrive. As indicated by Plaintiff's September 8, 2009 motion, the use of J. Doe has hindered the ability of the

1

Court to serve several court documents on Plaintiff. In addition, Plaintiff has listed her actual name in several court filings.[1] Finally, as of October 1, 2009, Plaintiff submitted notice of change of address to California State Prison, Los Angeles County. Plaintiff is thus no longer housed at Pleasant Valley State Prison, where the alleged actions occurred.

Rule 10(a) of the Federal Rules of Civil Procedure provides: "The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." The Federal Rules of Civil Procedure thus encourage openness of judicial proceedings. "[U]se of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command that the title of every complaint include names of all the parties." Doe v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations and quotations omitted). In the Ninth Circuit, the use of pseudonyms by parties is for the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment. Id. at 1067-68 (internal quotations and citation omitted). District courts should determine the need for anonymity based on several factors: 1) severity of threatened harm; 2) reasonableness of the anonymous party's fears; and 3) the anonymous party's vulnerability to such retaliation. Id. at 1068 (internal citation omitted). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." Id. "Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." Id. The public has a right to know who is using its courts. United States v. Stoterau, 524 F.3d 988, 1013 (9th Cir. 2008).

The circumstances that warranted granting Plaintiff's request to proceed with a fictitious name have changed. The fictitious name has not been successful in concealing Plaintiff's identity, the fictitious name has caused numerous and unnecessary delay in court proceedings, and the need for a fictitious name has diminished greatly since Plaintiff's change of address. Based on the

---

[1] Plaintiff is a male-to-female preoperative transgendered inmate, and uses the feminine pronoun when referring to herself. The Court adopts the same practice. The Court takes judicial notice of the court docket.

foregoing reasons, the Court requires Plaintiff to respond as to whether the need for Plaintiff to proceed as J. Doe currently exists, and whether Plaintiff is willing to proceed using Plaintiff's actual name in all further proceedings. Plaintiff has **twenty (20) days** from the date of service of this order within which to file her response.

IT IS SO ORDERED.

**Dated:   December 1, 2009**                                    **/s/ Dennis L. Beck**
                                                                                   UNITED STATES MAGISTRATE JUDGE