# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE,<br><br>            Plaintiff,<br><br>   v.<br><br>SCHWARZENEGGER, et. al,<br><br>            Defendants.<br>_____/ | CASE NO. 1:08-cv-01219-LJO-DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF<br><br>(Doc. 56)<br><br>OBJECTIONS, IF ANY, DUE WITHIN **TEN (10) DAYS** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On November 30, 2009, Plaintiff filed a request with the Court to have Terry Kupers, a psychiatrist, interview Plaintiff on December 18 and provide a psychological evaluation. Plaintiff also requests the Court to order the California Department of Corrections and Rehabilitation ("CDCR") to turn over Plaintiff's medical and mental health records to Dr. Kupers. Plaintiff's requests will be treated as a request for injunctive relief.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. Sierra On-line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).

1  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court
2 must have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95,
3 102, 103 S. Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation
4 of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982); <u>Jones v. City of
5 Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or
6 controversy before it, it has no power to hear the matter in question.  <u>Id.</u>  Thus, "[a] federal court
7 may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter
8 jurisdiction over the claim; it may not attempt to determine the rights of persons not before the
9 court."  <u>Zepeda v. United States Immigration Serv.</u>, 753 F.2d 719, 727 (9th Cir. 1985).

10  The Court does not find that Plaintiff will suffer irreparable harm if the Court does not
11 issue an order in favor of Plaintiff's request.  CDCR is also not a party to this litigation, and thus
12 the Court lacks jurisdiction to issue such an order at this time.  It is unclear why Plaintiff would
13 need a court order for a psychiatrist to interview Plaintiff free of charge.  Plaintiff is responsible
14 for arranging interviews with potential witnesses, and does not appear to need judicial
15 intervention for this interview to occur.  Plaintiff demonstrates no good cause for Plaintiff's
16 requests to be granted.

17  Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's requests for
18 injunctive relief, filed on November 30, 2009, should be DENIED without prejudice.

19  These Findings and Recommendations will be submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **ten
21 (10) days** after being served with these Findings and Recommendations, the plaintiff may file
22 written objections with the court.  The document should be captioned "Objections to Magistrate
23 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within
24 the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
25 F.2d 1153 (9th Cir. 1991).

26  IT IS SO ORDERED.

27  **Dated:   December 2, 2009**            **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE
28