# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE, | CASE NO. 1:08-cv-01219-LJO-DLB (PC) |
| Plaintiff, | ORDER RE PLAINTIFF'S FEBRUARY 12, 2010 MOTION AND DEFENDANTS' FEBRUARY 16, 2010 MOTION |
| v. | |
| J. YATES, et al., | (Docs. 75, 76) |
| Defendants. | RESPONSE DUE WITHIN 20 DAYS |

Plaintiff J. Doe[1] is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's second amended complaint against defendants Scott, J. D. Bennett, S. Gonzales, J. Melendez, Griffin, Brumbaugh, H. Martinez, S. Kern, B. Diaz, P. Soares, E. Wolford, D. J. Hatten, J. Yates, N. Green, D. Huckabay, Cate, and John Does 2 and 3.  Pending before the Court is Defendants Yates and Scott's motion for clarification, and Plaintiff's motion for court intervention.

**I.      Defendants Yates and Scott's February 16, 2010 Motion**

Defendants Yates and Scott request that the Court clarify its January 13, 2010 order and the summons issued in this action.  Defendants contend that the January 13, 2010 order, which ordered Defendants Yates and Scott to file a responsive pleading to the second amended complaint, would require a response prior to being served with the second amended complaint.

---

[1] J. Doe is a fictitious name.  Plaintiff is a preoperative transgender inmate, and requests that the Court use the feminine pronouns of "she" and "her" when referring to Plaintiff.

1

1  Defendants request a forty-five day extension of time to respond if Plaintiff does not have to serve
2  Defendants with summons.
3      Defendants had previously requested 30 days to file a response to the complaint when this
4  action was removed from state court. However, this has caused some confusion. Accordingly,
5  the Court HEREBY ORDERS that Defendants Yates and Scott are to file a responsive pleading
6  *after* they have been served with summons and the second amended complaint.

7  **II.    Plaintiff's February 12, 2010 Motion**

8      On February 12, 2010, Plaintiff filed a motion with the Court requesting Court
9  intervention. The Court construes this as a request for injunctive relief. Plaintiff contends that
10 she was informed by prison staff that the prison "will not mail my summonses because they are
11 not going *to the Court*, even though it is a court ordered action." (Doc. 75, Pl.'s Mot.) Plaintiff
12 is currently incarcerated at California State Prison, Los Angeles County, in Lancaster, California
13 ("CSP-Lancaster").

14     The prison is not a party in this action and thus the Court lacks direct jurisdiction over
15 them. Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A
16 federal court may issue an injunction [only] if it has personal jurisdiction over the parties and
17 subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons
18 not before the court."). However, Plaintiff must have some ability to mail her summonses and the
19 second amended complaint for service of process by the United States Marshal on the above-
20 named defendants.

21     Accordingly, the Court HEREBY ORDERS defendants to respond to Plaintiff's February
22 12, 2010 motion. Defense counsel is to update the Court within **twenty (20) days** from the date
23 of service of this order.

24   IT IS SO ORDERED.

25   **Dated:   February 17, 2010**　　　　　　　　　／s／ **Dennis L. Beck**
                                         　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
26
27
28