UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE,[1] | CASE NO. 1:08-cv-01219-LJO-DLB PC |
| Plaintiff, | ORDER DENYING MOTIONS FOR HEARING (DOCS. 85, 86) |
| v. | ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION (DOC. 95) |
| YATES, et al., | |
| Defendants. | ORDER DENYING REQUEST FOR STAY (DOC. 97) |
| | ORDER GRANTING REQUEST FOR CLARIFICATION AND EXTENSION OF TIME (DOC. 102) |

Plaintiff J. Doe[1] ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are several motions filed by both Plaintiff and Defendants.

**I.   Motions For Hearing**

On March 29, 2010, Plaintiff filed a motion requesting a hearing. (Doc. 85.) Plaintiff contends that counsel for Defendants lied to the Court in Defendants' response, filed March 19,

---

[1] J. Doe is a fictitious name.

1

2010. Plaintiff requests a hearing to impose sanctions. Plaintiff submits over a hundred pages of exhibits in support. These exhibits do not demonstrate Plaintiff's claims. Plaintiff provides no evidence to support his contention that counsel for Defendants intentionally lied to the Court. The Court sees no reason to schedule a hearing regarding this matter. Furthermore, the Court issued its ruling regarding service on the unserved Defendants on April 6, 2010, instructing Plaintiff to effect proper service. Accordingly, Plaintiff's motion, filed March 29, 2010, is DENIED.

On March 31, 2010, Plaintiff filed a motion requesting a hearing regarding Defendants' counsel's disrespectful and discriminatory treatment. (Doc. 86.) Plaintiff contends that Defendants' counsel use of masculine pronouns when referring to Plaintiff constitutes disrespect. Plaintiff is a preoperative male to female transgendered individual, and uses the feminine when referring to Plaintiff. Defendants' use of the masculine pronoun when referring to Plaintiff is not intended in a disrespectful manner. The Court sees no reason to schedule a hearing regarding this matter. Accordingly, Plaintiff's motion, filed March 31, 2010, is DENIED.

**II.    Plaintiff's Motions For Extension Of Time**

On May 12, 2010, Plaintiff filed a motion for extension of time to address Defendants' motion to dismiss. (Doc. 95.) The Court HEREBY grants this motion nunc pro tunc. Plaintiff's opposition was due June 14, 2010.

On May 17, 2010, Plaintiff requested a stay on the proceedings until the Court resolves court docket 50. (Doc. 97.) Court docket 50 refers to an order regarding consent or reassignment to a magistrate judge to adjudicate the proceedings. Plaintiff contends Defendants are "judge shopping." Plaintiff is incorrect. This action will be reassigned to a magistrate judge only if all parties have consented to such reassignment. Defendants have consented; Plaintiff has not. Thus, Plaintiff's request for a stay is moot and DENIED.

**III.    Defendants' Request For Clarification and Extension of Time**

On June 15, 2010, Defendants Yates and Scott filed a request for clarification. (Doc. 102.) Defendants seek clarification as to whether Plaintiff's motion for sanction, filed June 7, 2010, is considered to be an opposition to Defendants' motion to dismiss.

1   The Court construes Plaintiff's motion for sanction as both a motion and an opposition to
2 Defendants' motion to dismiss.  Defendants request an extension of time to file their reply or
3 their opposition.  Good cause appearing, the Court HEREBY GRANTS Defendants' motion.
4 Defendants' opposition to Plaintiff's motion and reply to Plaintiff's opposition is due within
5 fourteen days from the date of service of this order.

6   IT IS SO ORDERED.

7   **Dated:** **June 16, 2010**            **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE